**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **HYOSUNG HEAVY INDUSTRIES CORPORATION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES,**<br><br>**Defendant.** | **Court No. 26-03948** |

**COMPLAINT**

Hyosung Heavy Industries Corporation ("Plaintiff" or "HHIC"), by and through its counsel, hereby alleges and states as follows:

**JURISDICTION**

1. Plaintiff brings this action pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii) to contest certain aspects of the final results of the 2023-2024 administrative review of the antidumping duty order on *Large Power Transformers from the Republic of Korea*, Case No. A-580-867, issued by the International Trade Administration of the U.S. Department of Commerce ("Commerce"). *See Large Power Transformers From the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2023-2024,* 91 Fed. Reg. 52,670 (Dep't Commerce Aug. 14, 2026) ("Final Results"), and accompanying unpublished Issues and Decision Memorandum ("Final IDM").

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c) because this appeal is taken pursuant to 19 U.S.C. § 1516a.

## STANDING

3. Plaintiff HHIC is a foreign producer and exporter of subject large power transformers from the Republic of Korea, and therefore is an interested party within the meaning of 19 U.S.C. § 1677(9)(A). HHIC requested an administrative review of its subject entries, but Commerce did not select HHIC for individual examination. HHIC was thus subject to the "non-examined companies" antidumping duty rate that is based on the average of the rates calculated for two mandatory respondents. HHIC participated in the administrative review proceeding leading to the *Final Results* by entering an appearance, filing an application for access under the administrative protective order, and filing legal arguments in connection with certain aspects of that decision. Accordingly, HHIC has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4. On August 14, 2026, Commerce published the *Final Results* in the Federal Register. *Final Results*, 91 Fed. Reg. 52,670. On September 11, 2026, HHIC timely filed a Summons initiating this action within thirty days of the publication of the *Final Results*. This Complaint is timely filed as the last day of the period to file a complaint under Rule 3(a)(2) fell on Sunday, October 11, 2026, and the next day that is not a Saturday, Sunday, or legal holiday is October 13, 2026. Accordingly, this action is timely filed under 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and Rules 3(a)(2) and 6(a) of this Court."

5. The filing of the Summons and Complaint thus are timely in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and U.S. Court of International Trade Rules 3(a)(2) and 6(a).

**STATEMENT OF FACTS**

6. On September 20, 2024, Commerce initiated the 2023-2024 administrative review of the antidumping duty order on *Large Power Transformers from the Republic of Korea*. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 77,079 (Dep't Commerce Sept. 20, 2024). Commerce's period of review was August 1, 2023 to July 31, 2024. On October 30, 2024, Commerce chose as mandatory respondents HD Hyundai Electric Co., Ltd. ("Hyundai Electric") and Iljin Electric Steel Co., Ltd. ("Iljin").

7. On February 10, 2026, Commerce issued its *Preliminary Results*. *See Large Power Transformers from the Republic of Korea: Preliminary Results of Antidumping Duty Administrative Review; 2023-2024*, 91 Fed. Reg. 5,898 (Dep't Commerce Feb. 10, 2026) ("*Preliminary Results*") and accompanying unpublished Issues and Decision Memorandum ("Prelim. IDM"). In its *Preliminary Results*, Commerce calculated preliminary antidumping duty margins of 0.00 percent for both mandatory respondents, Hyundai Electric and Iljin. *Id.* at 5,899. As part of its *Preliminary Results*, Commerce assigned a preliminary antidumping duty rate of 4.32 percent for HHIC, stating that this is "the estimated weighted-average dumping margins currently in effect to the non-selected companies subject to review." *Id.* This rate is based on the rate that Commerce calculated over three years ago in the 2020-2021 administrative review. *See* Prelim. Dec. Memo at 5 (citing *Large Power Transformers from the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2020-2021,* 88 Fed. Reg. 16,236 (Dep't Commerce Mar. 16, 2023).

8. On July 1, 2026, interested parties submitted case briefs addressing issues in the Department's *Preliminary Results*. HHIC's case brief contested Commerce's departure from the expected method used to calculate rates for non-selected companies when the individually

examined respondents all receive zero or *de minimis* margins. This method would have resulted in a zero rate assigned to non-selected companies, including HHIC.

9. On August 14, 2026, Commerce published its *Final Results* in the Federal Register. Commerce calculated antidumping duty margins of zero percent for the mandatory respondents, and 4.32 percent *ad valorem* for the non-selected companies, including HHIC. *See* Final Results, 91 Fed. Reg. at 52,670. The legal bases for Commerce's *Final Results* were set forth in an unpublished Issues and Decision Memorandum dated August 10, 2026. In particular, Commerce based its decision on an erroneous determination that it had not historically assigned a zero percent duty margin to non-selected companies in this proceeding.

10. On August 18, 2026, HHIC submitted a ministerial error allegation to Commerce. HHIC's allegation pointed the agency to a prior instance where it had assigned a zero percent duty margin to a non-selected company. On October 6, 2026, Commerce acknowledged that it had committed a ministerial error because it had previously assigned a zero percent rate to a non-selected company in the prior review. Nevertheless, Commerce declined to amend its *Final Results* because it concluded that "overall" there was no history of consistent decline in margins sufficient to justify a zero percent margin in this review.

11. After the publication of the *Final Results* in the Federal Register, on September 11, 2026, HHIC timely commenced this action with this Court. *See* Summons, ECF No. 1.

## **STATEMENT OF CLAIMS**

12. The *Final Results* are unsupported by substantial record evidence and otherwise not in accordance with law in the following respects:

## **COUNT I**

13. Paragraphs 1 through 11 of this Complaint are incorporated herein by reference.

14. In its *Final Results*, Commerce assigned an antidumping duty rate of 4.32 percent *ad valorem* for the non-examined companies, including HHIC, based on the rate that Commerce calculated for HHIC in the 2020-2021 administrative review, *i.e.,* over three years ago. In doing so, Commerce departed from the statute and the Statement of Administrative Action ("SAA"), which require Commerce to average the margins of individually examined respondents and assign the resulting zero rate to the non-selected company. 19 U.S.C. § 1673d(c)(5)(B); SAA at 873.

15. Commerce departed from the "expected method" of assigning the zero percent rates calculated for the mandatory respondents to non-examined companies. Commerce's departure runs contrary to well-established prior practice in countless proceedings. Indeed, Commerce recently followed this practice in another similarly situated case after Commerce issued the contested *Final Results*. *Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2023-2024,* 91 Fed. Reg. 59,766 (Dep't Commerce Sept. 21, 2026) (calculating zero percent margins for mandatory respondents Dong-A-Steel Co., Ltd. and HiSteel Co., Ltd., and assigning the zero percent rate to all non-examined companies).

16. In departing from prescribed practice, Commerce acknowledged that the statutory method would yield a zero percent rate for HHIC. Nevertheless, Commerce assigned a 4.32 percent rate for non-selected companies because it determined that it had never previously assigned zero percent margins for HHIC and the other non-selected company in prior reviews. HHIC alleged to Commerce, as a ministerial error, that in fact Commerce had previously found a zero percent margin for a non-selected company in the history of this proceeding. *See* Letter from Arnold & Porter, "Large Power Transformers from the Republic of Korea; 2023-2024:

Hyosung's Ministerial Error Allegation" (Aug. 18, 2026). Commerce acknowledged this error, but declined to revise the antidumping duty rate applicable to non-selected companies. Memorandum from Erin Kearney to Scot Fullerton, "Antidumping Duty Administrative Review of Large Power Transformers from the Republic of Korea; 2023-2024: Analysis of Ministerial Error Allegations" (Oct. 6, 2026) ("*Ministerial Error Memo*"). Instead, Commerce stated that its ministerial error did not change its conclusion that "there is no history of consistent decline in margins in this proceeding for Commerce to confirm that there is evidence on the record of this administrative review that these estimated weighted-average dumping margins no longer exist for the export of the subject merchandise exported by [HHIC]." *Ministerial Error Memo* at 4.

17. HHIC challenges these and all other aspects of Commerce's determination of the appropriate rate to assign to non-selected companies. Because HHIC's antidumping duty margin was based on an erroneous and unjustified departure from the statutory method used to calculate rates for non-selected companies when the individually examined respondents all receive zero or de minimis margins, Commerce's determination is not supported by substantial evidence and is not in accordance with law.

## REQUEST FOR RELIEF

For the foregoing reasons, HHIC respectfully requests that this Court hold the foregoing aspects of Commerce's *Final Results* unsupported by substantial record evidence and otherwise not in accordance with law. Therefore, HHIC respectfully requests that this Court remand the *Final Results* to Commerce to correct the errors set forth in this complaint and provide such other relief as this Court deems appropriate.

Respectfully submitted,

/s/ J. David Park
J. David Park
Henry D. Almond
Kang Woo Lee
Archana Rao P. Vasa
Sally Alghazali
Jennifer "Ellie" Farrin

*Counsel to Hyosung Heavy Industries Corporation Plaintiff*

Eric Johnson

*Consultant to Hyosung Heavy Industries Corporation*

ARNOLD & PORTER KAYE SCHOLER LLP
601 MASSACHUSETTS AVENUE, N.W.
WASHINGTON, D.C. 20001
PHONE: (202) 942-5646
FAX: (202) 942-5999

**Dated: October 13, 2026**